# S T A T E   O F   L O U I S I A N A
## PARISH OF ORLEANS

STATE ex rel
J. T. PROWELL, Curator ad hoc,  :

      **versus**

VAL J. STENTZ,
Judge of First City Court,
Division "B".  :

No. 7577,

COURT OF APPEAL.

--------00000--------

# O P I N I O N

## Max Dinkelspiel, Judge.

------------------------------------------------

This is an application for writs of certiorari and prohibition directed against the Honorable Judge of the First City Court, Division "B". The proceedings commenced by writ of attachment, seizing the property of one P. L. Short, which was bonded, and Jones T. Prowell, surety, was subsequently appointed curator ad hoc.

Relator avers that on March 5, 1919, he filed a motion to dissolve the said writ of attachment, as curator ad hoc, which motion was fixed for trial by said curator ad hoc for Monday, March 10, 1919, and on that date the attorney for the plaintiff endeavored to go into the merits of the case and try the exceptions and answer, and on the curator's objection to same the judge of the court continued the case to March 15, 1919, and on that date plaintiff endeavored to try the said case on the exceptions and answer and relator protested and objected, on the ground that said case had never been fixed for trial in accordance with the rules of the City Court and relator notified of fixing, and that curator ad hoc cannot waive any rights, as this is a proceeding in rem. He states further that there had never been a fixing of this case for trial in accordance with the rules of the First City Court by being notified, in accordance with Rule 6, Section 1, - which rules were adopted by the First City Court December 8, 1904. He avers further that Rule 6 reads: "All rules, motions and summary cases will be fixed after two days notice to the adverse party or his attorney; in all other cases two judicial days shall intervene between service of the notice of trial and the day of trial,

which notice of trial shall be served on the adverse party or on his attorney of record." He further avers that to be forced to trial of this case without being duly notified of same is a violation of defendant's right to have a fair trial in accordance with law and the jurisprudence of this state.

On this application this court, through his Honor, John St. Paul, issued the order nisi, directing the Judge of the First City Court to send up the record - which has been done - and that all matters be stayed until final disposition is made in this cause before this court.

The answer of the judge admits that on the 5th of March, 1919, defendant, through the curator ad hoc, filed a motion to dissolve the writ of attachment issued in the matter of Misick vs· P. L. Short, No. 88,321 of the docket of the First City Court. This motion to dissolve was properly fixed by the curator ad hoc to be tried on Monday, March 10, 1919, at 10 O'clock A.M. On the latter date said rule, in due course, was called for trial, present: the curator ad hoc, J. J. Prowell, and Joseph A. Casey, attorney for the plaintiff. In the course of the proceedings counsel for plaintiff placed on the witness stand his client, Misick, to testify to the merits of this cause, and the curator ad hoc objected to plaintiff's going to trial on the merits, as same was before the court on the rule only. This objection was sustained by the court. Whilst on the witness stand, the plaintiff stated that he was about to leave the city, to do business elsewhere, and could not possibly be present in the near future; thereupon the court, on its own motion, in the presence of the parties, set the case for trial, both on the rule to dissolve and on its merits, for Friday, March 14, 1919, at 10 A.M., without further notice. At the time of the court's ruling setting a date for the trial, no objection was made thereto by relator, but on the date set for trial

the objection, as stated in relator's petition for a writ of prohibition, was urged, and it was at once overruled by the court and the parties ordered to go to trial on the merits. Respondent judge shows that notice given in open court by the presiding judge therof, in the presence of the parties, is a substantial compliance with Rule 6, Section 1, of the First City Court, particularly when read in conjunction with Rule 9, which reads as follows: All pleadings by way of answer and exception must be filed within legal delays, at one and the same time."

We are satisfied that relator is not entitled to the writs prayed for by him. The fixing of the case for trial by the court, in the presence of the relator, was an actual and substantial compliance with the rules of the First City Court. Rule 6, Section 2, provides: "All injunctions, sequestration, attachment, provisional seizure and possession suits shall be tried as summary cases." This being a suit by attachment, therefore a summary case, the only notice necessary is the notice required by the first sentence, and not the last sentence, of Section 1, Rule 6, which sentence provides that "All rules, motions and summary cases will be fixed after two days notice to the adverse party or his attorney."

It is our opinion that it was the duty of the relator to have made his objection at the time the court fixed the case for trial for March 14, 1919. On March 10, 1919, relator knew that the plaintiff, Misick, would leave the city about the 14th of March, 1919, and could not testify after that date, and he would be placing the plaintiff at a disadvantage if his untimely objection was maintained. And not having made the objection in time, he was estopped from subsequently, on the 14th of March, 1919, making it, when he should have made it on March 10, 1919; and therefore his objection came too late.

∎

Besides, it is well established in our jurisprudence, amongst other things, that: "The supervisory jurisdiction of the Supreme Court under a certiorari must be restricted to an examination into the validity of the proceedings held in the lower court. It cannot be exercised to review the judgment, either as to its correctness on the law or on the facts of the case. The supervisory powers of this court must not/be confounded with its appellate jurisdiction." (Citing 38 An., 968, State on the relation of Gooch, v. Justice).

"Application for a prohibition asked to issue to a court which is charged with usurpation of jurisdiction, or exceeding its powers, will not be entertained unless an exception has been made to its jurisdiction and overruled." (State on the relation of Shakespeare v. Judge, 48 A., 607).

Article 857 of the Code of Practice, referring to the writ of certiorari, reads: "This mandate is only granted in cases where the suit is to be decided in the last resort, and where there lies no appeal, by means of which proceedings absolutely void might be set aside, as when the inferior judge has refused to hear the party or his witnesses, or has pronounced sentence without having cited them to appear."

For the reasons assigned, the rule nisi, issued March 20, 1919, is recalled, and it is further ordered that the writs of certiorari and prohibition are now refused, at the cost of relator.